UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK as subrogee of Koch Originals, Inc., | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:15-cv-01810-LJM-DML |
| vs. | ) ) ) | |
| TRAVELERS INSURANCE COMPANY, CNA INSURANCE COMPANY, HARTFORD INSURANCE COMPANY, TRAVELERS INDEMNITY COMPANY, CHARTER OAK FIRE INSURANCE COMPANY, TRAVELERS INDEMNITY COMPANY OF ILLINOIS n/k/a Travelers Property Casualty Company of America, and HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

This cause is before the Court on Defendants The Travelers Indemnity Company, The Charter Oak Fire Insurance Company, and Travelers Property Casualty Company of America's (collectively "Travelers"), combined Motion to Dismiss ("Motion") Plaintiff Northern Insurance Company's ("Northern") Second Amended Complaint ("Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim. Dkt. 50. Northern alleged in its Amended Complaint that Travelers

1

must contribute a *pro rata* share of the costs and fees for cleaning up a contamination caused by Northern's Insured.[1]  Dkt. 1.

For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss.

## I. BACKGROUND

Northern alleged in its Amended Complaint that Travelers, along with Northern, CNA Insurance Company ("CNA"), and Hartford Insurance Company ("Hartford"), at all relevant times,[2] insured the property located at 1401 N. Park Street, Evansville, Indiana ("Real Estate").  Dkt. 1 ¶ 5.  Northern stated that Traveler's insured George Koch Sons, Inc. and/or George Koch and Sons, Inc. (collectively "George Koch Sons"), on the Real Estate.  *Id.* ¶ 6.  Northern claims that for several years, Koch Originals, Inc., owned the Real Estate and for several years prior to that, George Koch Sons owned the Real Estate.  *Id.* ¶¶ 7, 8.  At all times relevant, the owners of the Real Estate engaged in metal working and plating processes that involved chemicals considered contaminants or pollutants upon contact with soil.  *Id.* ¶ 9.

In October 2008, Koch Originals entered into an Agreed Order with the Indiana Department of Environmental Management ("IDEM") for payment of costs to clean up pollution on the Real Estate.  *Id.* ¶ 10.  Northern, CNA, and Hartford have paid, and continue to pay a portion of the cleanup costs (Northern 70.5%, CNA 19.7%, and Hartford 9.8%) based on the various policies in effect for the Real Estate.  *Id.* ¶ 11.  Northern does not possess the Travelers policy issued to George Koch Sons, but asserts that for nine

---

[1] For ease of reference, the Court will capitalize "insured" to refer to its use as a noun.
[2] Northern fails to provide any dates that either George Koch Sons or Koch Originals owned or operated at the Real Estate.

years, Travelers issued sixteen policies for Commercial General Liability Insurance on the Real Estate. *Id.* ¶ 12.

Northern claims that "[t]he three (3) Koch entities may be responsible for the clean-up costs at 1401 N. Park Street pursuant to I.C. 13-25-4-5 and I.C. 13-25-4-8, but in fact, their insurers, Northern, CNA, and Hartford are making the actual payments and Travelers should be doing the same."[3] *Id.* ¶ 18. Northern alleges that it is entitled to subrogate against Travelers for Travelers' *pro rata* share of the cleanup costs. *Id.* ¶ 19. In support, Northern cites Ind. Code § 13-25-5-20, which states that "this chapter does not affect an action or a claim, including a claim for contribution, that a person who implements or completes an approved response action has or may have against a third party." *Id.* ¶ 20.

## II. FAILURE TO STATE A CLAIM

Rule 12(b)(6) permits the dismissal of an action for failure to state a claim upon which relief can be granted in the pleadings. Under Rule 12(b)(6), the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *See Esekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Federal Rule of Civil Procedure 8(a)(2). Detailed factual allegations are not required, but a plaintiff's complaint may not simply state "an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "allegations must be enough to raise a right to relief above the speculative level[.]" *Bell*

---

[3] It is unclear as to which entities Northern refers to, but for purposes of this Motion, the Court presumes the entities alluded to are Koch Originals and George Koch Sons.

*Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007). "[A] complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" not when the plaintiff only raises a "sheer possibility that the defendant has acted unlawfully." *Id*. "[T]he height of the pleading requirement is relative to the circumstances[,]" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), and "[d]etermining the plausibility of a claim is a context-specific task that requires [the Court] to draw on [its] judicial experience and common sense." *Brown v. JP Morgan Chase Bank*, 334 Fed. Appx. 758, 759 (7th Cir. 2009).

Travelers argues five separate grounds for dismissal of Northern's Amended Complaint. Dkt. 51. First, Travelers argues that Travelers and Northern do not cover the same Insured, which is a prerequisite for a contribution claim as between insurers. *Id*. at 6-7. Second, Travelers claims that Northern has alleged no basis for which it may pursue a direct action against an insurance company under Indiana law. *Id*. at 7-9. Third, Travelers asserts that Northern fails to allege that Travelers shared a common burden or common liability with Koch Originals, which is required to pursue a claim for contribution. *Id*. at 9-10. Fourth, Travelers claims that Northern fails to allege any facts that demonstrate Travelers' Insured, George Koch Sons, was responsible for the contamination at the Real Estate. *Id*. at 10-12. Finally, Travelers maintains that Northern has failed to allege any facts for which recoverable damages would be permissible under Indiana law. *Id*. at 12-13. The Court assesses each of these arguments in turn.

### A. Same Insured

Travelers first argues that Northern cannot sue Travelers because Travelers did not insure Koch Originals, the party that entered into the Agreed Order with IDEM. Travelers claims, and Northern does not dispute, that it only represented George Koch Sons, which is a completely different entity. Travelers contends that, under Indiana law, for an insurer to seek contribution from another insurer for coverage, both insurers must cover the same parties. The Court agrees.

In Indiana, to seek contribution from another insurer to recover a *pro rata* share of environmental cleanup costs, the policies must cover: "(1) the same parties, (2) in the same interest, (3) in the same property, (4) against the same casualty." *Ind. Ins. Co. v. Granite State Ins. Co.*, 689 F. Supp. 1549, 1558 (S.D. Ind. 1988). *See also State Auto. Ins. v. DMY Realty Co., LLP*, 977 N.E.2d 411, 431 (Ind. Ct. Ap. 2012). Northern's Amended Complaint concedes that Travelers and Northern do not represent the same parties. Dkt. 1 ¶¶ 5-8. It also states that it was Northern's client, Koch Originals, that entered into the Agreed Order that gave rise to the obligation to pay for the environmental contamination and for which Northern seeks contribution from Travelers. *Id*. ¶¶ 10, 11. Absent a showing that Travelers also represented the responsible party, Northern cannot bring a claim for contribution against Travelers under Indiana law.

### B. Direct Action rule

Travelers next argues that the "direct action rule" prohibits Northern, a third party, from bringing a direct action against an insurer. The Court agrees.

It is well settled in Indiana that an "injured third party does not have the right to bring a direct action against a wrongdoer's liability insurer." *Wilson v. Cont'l Cas. Co.*,

778 N.E.2d 849, 850 (Ind. Ct. App. 2002) (quoting *Menefee v. Schurr*, 751 N.E. 757, 761 (Ind. Ct. App. 2011)). There is a limited exception to this rule that provides standing to injured parties to protect a potential interest in a policy (for example, to ensure that it does not lapse). *See Cmty. Action of Greater Indianapolis, Inc. v. Ind. Farmers Mut. Ins. Co.*, 708 N.E.2d 882, 885 (Ind. Ct. App. 1999) ("the injured victim of an insured's tort has a legally protectable interest in the insurance policy before he has reduced his tort claim to judgment."); *see also Truck Ins. Exch. v. Ashland Oil, Inc.* 951 F.2d 787, 789 (7th Cir. 1992). This limitation is inapplicable here, as the predicate liability for damages has already been settled through the Agreed Order and Northern is only seeking monetary contribution from Travelers.

Northern seeks a direct cause of action against Travelers, for the allegedly tortious conduct of its George Koch Sons. Such a claim is barred under the direct action rule, which prohibits bringing a direct cause of action "against an insurer where those claims are based on the actions of an insured." *Myers v. Deets*, 968 N.E.2d 299, 302 (Ind. Ct. App. 2012).

### C. Common Liability

Travelers asserts that Northern has failed to plead any facts that Travelers shared in common liability with Koch Originals, which is a prerequisite to recover for a claim of contribution. DKt. 51 at 9-10.

"Contribution involves the partial reimbursement of one who has discharged a common liability." *Small v. Rogers*, 938 N.E.2d 18, 22 (Ind. Ct. App. 2010) (quoting *Balvich v. Spicer*, 894 N.E.2d 235, 243 (Ind. Ct. App. 2008)). Travelers argues that the Second Complaint fails to allege that it shared any common liability with Koch Originals

– the party that accepted responsibility for the pollution – which is true. Northern's Amended Complaint focused on the relationship as between itself and Travelers; it never claimed that Travelers is responsible for the pollution on the Real Estate. Rather, Northern alleges that Travelers has common liability with Northern for its *pro rata* share of George Koch's Sons' liability, an argument that the Court has already addressed as invalid. *Supra*, pt. II, A. Accordingly, the Court finds Northern's argument on common liability unavailing.

### D.  Joint Tortfeasor

Travelers also maintains that Northern's Amended Complaint fails to sufficiently allege that Travelers' Insured, George Koch Sons, is responsible for the damages sustained by Koch Originals. Essentially, Travelers argues that the claims, as alleged, fail to state a claim for which relief is plausible on its face. In support, Travelers points to the Amended Complaint, which merely states that George Koch Sons "may" be responsible for the cleanup costs at the Real Estate. Dkt. 51 ¶ 22. Indeed, none of the allegations set forth any facts that would permit this "court to draw the reasonable inference that [Travelers or its Insured] is liable for the misconduct alleged[,]" and merely raises the "sheer possibility that the defendant has acted unlawfully." *Iqbal*, 556 U.S. 678. Northern acknowledges that its claims are "against potential parties," Dkt. 63 at 4, that might have been liable for some of the pollution at the Real Estate. Northern's sole basis for this allegation rests on the fact that George Koch Sons also engaged in similar business activities at the Real Estate prior to the purchase of the Real Estate by Koch Originals. Northern asks the Court to guess as to whether George Koch Sons' similar business activities "may" have resulted in contamination of the Real Estate. But it is well-

...
...

established that "allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. The Court finds that Northern has failed to do so and therefore has failed to "state a claim to relief that is plausible on its face." *Id.* at 570.

### E. Recoverable Damages

Finally, Travelers contends that Northern fails to state a claim for which any damages would be recoverable under Indiana law, as it has failed to allege that either Northern or Koch Originals provided adequate notice to Travelers. Travelers maintains that Northern's failure to allege that Travelers received notice of either Koch Originals' claim or the fact that Koch Originals entered into the Agreed Order warrants dismissal, as notice is a prerequisite to the recovery of damages for an insurance claim. Dkt. 51 at 13. In support, Travelers first cites *Dreaded, Inc. v. St. Paul Guardian Ins.*, which held that a duty to defend did not arise until the Insured provided adequate notice to its insurance company. 904 N.E.2d 1267, 1273 (Ind. 2009). It also cites *Travelers Ins. Cos. v. Maplehurst Farms, Inc.*, which held that an insurer did not have to pay certain expenses prior to receiving notice of a claim. *Ind. Ins. Co. v. Granite State Ins. Co.*, 689 F. Supp. 1549, 1558 (S.D. Ind. 1988)

Neither of these cases relate to the proposition that failure to provide notice to an insurer precludes another insurer from seeking contribution damages. Rather, both cases reference actions between an Insured and its insurer. Northern has accepted responsibility for Koch Originals' actions and does not allege that Koch Originals is Travelers' Insured. Northern's allegations simply state that Travelers should do the same with respect to its own Insured and contribute its *pro rata* share for the costs. This is simply a dispute between Northern and Travelers with respect to the portion of damages

that ought to be attributed amongst the insurance companies, not as between Insureds and their insurers. Travelers has cited no legal theory with respect to notice to be provided by fellow insurance companies or how such notice might preclude, or limit, the recovery of damages in a contribution cases. Such an undeveloped and unsupported argument is deemed waived for the purposes of this Motion. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991); *see also Puffer v. Allstate Ins. Co.*, 675 F.3d 709, 718 (7th Cir. 2012).

### F. Northern's Response Brief

In its response, Northern fails to address any of Travelers' legal arguments. Dkt. 63. Instead, Northern cites Ind. Code §§ 13-25-5-20 and 13-25-4-27 in an attempt to show that it may pursue potential third parties, in this case George Koch Sons, which in turn might expose Travelers to liability for contribution costs. Northern argues that its Amended Complaint "is simply an action, pursuant to [Ind. Code §§] 13-25-5-20 and 13-25-4-27, against potential parties, George Koch Sons [], on the theory that these third parties contributed to the pollution of the property prior to the arrival of Koch Originals, Inc." Dkt. 63 at 4. It goes on to claim that, "[i]f this is true," Travelers could be liable for contribution.

While both of the statutes mention that parties may seek contribution against a third party, Northern fails to demonstrate how the statutes allow it to seek contribution from Travelers. Moreover, the cited statutes merely indicate that nothing in Chapters 4 or 5 affect a claim that a person "has or may have against a third party." Ind. Code §§ 13-25-5-20; 13-25-4-27. Northern fails to explain how either of these statutes allow for contribution by one insurer against the other. Yet, as Travelers points out, *infra*, Northern

9

fails to articulate any legal theory that would allow for it to directly pursue Travelers for the acts of its Insured, George Koch Sons, when Northern did not insure the same party. *See Wilson* 778 N.E.2d at 851 ("an injured third party does not have the right to bring a direct action against a wrongdoer's liability insurer.").

Northern also argues that George Koch Sons performed similar metal work on the Real Estate before Koch Originals purchased the Real Estate, "which would expose it/them to inclusion for the pollution and clean-up liability." Dkt. 63 at 6. In support, Northern submits two separate documents, neither of which is referenced in its Amended Complaint. *Id.* at 5-6. Northern also submitted a letter from Travelers to an attorney, which lists the various policies Travelers issued to George Koch Sons in relation to the Real Estate. *Id.* at 6. Travelers contends that the submitted documents should be stricken. The Court agrees, as it "may not look beyond the pleadings" to decide a Rule 12(b)(6) motion to dismiss. *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). Although the Court may consider documents by reference to the pleadings and take judicial notice of matter of public record, none of the documents submitted by Northern satisfies either category. *Id.* at 1581-82. The first two documents refer to the history of use at the Real Estate. The third document is simply a continuing denial of coverage under George Koch Sons' policy available for Koch Originals that also contains the policy numbers alluded to in Northern's Amended Complaint. Accordingly, these documents are stricken from the record and will not be considered by the Court in its analysis.

Finally, Northern cites to various Indiana cases wherein courts allowed for the pursuit of a contribution claim against insurers for environmental cleanup costs. Once again, however, Northern fails to state the proposition for which it cites the cases. Dkt.

63 at 7 (citing *Ind. Farm Bureau Ins. Co. v. Harleysville Ins. Co.*, 965 N.E.2d 62 (Ind. Ct. App. 2012); *Allstate Ins. Co. v. Dana Corp.*, 759 N.E.2d 1049 (Ind. 2009); *Sadler v. Auto-Owners Ins. Co.*, 904 N.E.2d 665 (Ind. Ct. App. 2009)). Nonetheless, each of these cases is distinguishable from the instant case. In both *Dana Corp.* and *Sadler*, the dispute centered on numerous policies issued to the same Insured. In *Harleysville Ins. Co.*, both Indiana Farm Bureau Insurance Company and Harleysville Insurance Company issued insurance policies to the same party. All three cases cited by Northern involve disputes involving one party insured by multiple insurers. Unlike here, each of these contribution cases satisfied the requirement that the policies insure the "same parties." *Granite State Ins. Co.*, 689 F. Supp. at 1558. Accordingly, these facts are inapposite to the instant case and fail to contribute to this Court's analysis.

### III.   CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants The Travelers Indemnity Company, The Charter Oak Fire Insurance Company, and Travelers Property Casualty Company of America's, combined Motion to Dismiss Plaintiff Northern Insurance Company's Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim. Accordingly, Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff has 28 days from the date of this order to amend its Amended Complaint. Failure to do so will result in a dismissal with prejudice.

IT IS SO ORDERED this 14th day of December, 2016

Distribution attached.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

11

Distribution:

Timothy Michael Swan
GARAN LUCOW MILLER PC
tswan@garanlucow.com

Christopher N. Wahl
HILL FULWIDER, P.C.
chris@hfmfm.com

David J. Saferight
HILL FULWIDER, P.C.
david@hillfulwider.com

Gerald E. Ziebell
KARBAL COHEN ECONOMOU SILK & DUNNE LLC
gziebell@karballaw.com

Wayne S. Karbal
KARBAL COHEN ECONOMOU SILK & DUNNE LLC
wkarbal@karballaw.com

Tammy Jo Meyer
METZGER ROSTA LLP
tammy@metzgerrosta.com

Adam C. Decker
PLUNKETT & COONEY PC
adecker@plunkettcooney.com

Lauren Beth McMillen
PLUNKETT COONEY
lmcmillen@plunkettcooney.com

Richard A. Rocap
ROCAP LAW FIRM LLC
rar@rocap-law.com

Pamela A. Bresnahan
VORYS, SATER, SEYMOUR AND PEASE LLP
pabresnahan@vorys.com