UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NORTHERN INSURANCE COMPANY OF NEW YORK as subrogee of Koch Originals, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> TRAVELERS INSURANCE COMPANY, CNA INSURANCE COMPANY, HARTFORD INSURANCE COMPANY, TRAVELERS INDEMNITY COMPANY, CHARTER OAK FIRE INSURANCE COMPANY, TRAVELERS INDEMNITY COMPAY OF ILLINOIS n/k/a Travelers Property Casualty Company of America, and HARTFORD CASUALTY INSURANCE COMPANY, <br><br> Defendants. | No. 1:15-cv-01810-LJM-DML |

**ORDER ON PENDING MOTIONS**

This matter is before the Court on various motions submitted by both parties. Plaintiff Northern Insurance Company of New York as subrogee of Koch Original, Inc. ("Northern"), has filed a Motion for Reconsideration of Order on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion to Reconsider") (Dkt. 80), a Motion to Dismiss (Dkt. 89), and a Notice of Dismissal (Dkt 93). Defendants, Travelers Indemnity Company, The Charter Oak Fire Insurance Company, and Travelers Property Casualty Company of America's (collectively "Travelers"), have filed a Motion to Strike Proposed Third Amended Complaint with Prejudice or, in the Alternative Motion to Dismiss Third Amended Complaint with Prejudice ("Motion to Strike") (Dkt 85), and a

1

Response in Opposition to Plaintiff's Motion to Dismiss Without Prejudice and Brief in Support of Motion for Attorneys' Fees ("Motion for Fees") (Dkt. 91). The Court will address each of these motions with this order.

## I. BACKGROUND

On December 14, 2016, this Court granted Travelers' Motion to Dismiss Northern's Second Amended Complaint ("Order") without prejudice. Dkt. 78. The Court stated that Northern had 28 days to amend its complaint and admonished that failure to do so would result in a dismissal with prejudice. *Id.*

On January 11, 2017, the 28th day after entry of the December 14, 2016, Order, Northern filed its Motion to Reconsider. Dkt. 80. In support, Northern argues that each of the four grounds that the Court found for dismissing the Second Amended Complaint were in error. Northern also states that "if the choice of words in the Plaintiff's Second Amended Complaint was not sufficient to present a claim for relief, then Northern's **proposed Third Amended Complaint** … will overcome that shortcoming." Dkt. 81 at 8-9. Northern attached its Third Amended Complaint as an exhibit to its Motion to Reconsider. Dkt. 81, Ex. 1. The Third Amended Complaint added George Koch Sons, Inc.,[1] and George Koch (a Corporation) (collectively "George Koch Sons"). *Id.*

On January 25, 2017, Travelers filed its Motion to Strike. Dkt. 85. Travelers argues that Northern's attachment of the Third Amended Complaint, in lieu of actually filing, did not comply with the Court's order and therefore dismissal with prejudice is warranted. Dkt. 86 at 2-3. Travelers also renews its arguments set forth in its first Motion to Dismiss

---

[1] George Koch Sons, Inc., is listed twice in the caption of the Third Amended Complaint. In Count II, however, Northern states that it seeks declaratory judgment against George Koch Sons, Inc., and/or George Koch and Sons, Inc., and/or George Koch (a corporation).

2

Plaintiff's Second Amended Complaint (Dkt. 50) to support dismissal of Northern's Third Amended Complaint.  Dkt. 86 at 3-8.  Travelers further alleges that the Third Amended Complaint fails to assert that George Koch Sons is a joint tortfeasor with Koch Originals.

On January 27, 2017, Northern filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(a)(1), requesting that the Court dismiss this cause of action without prejudice.  Dkt. 89.

On February 9, 2017, Travelers filed its Motion for Fees.  Dkt. 91.  In its Motion for Fees, Travelers renewed its arguments that dismissal with prejudice is warranted for Northern's failure to timely file the Third Amended Complaint.  Travelers acknowledges that Rule 41 provides that a "plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Dkt. 90 at 4-5 (citing Rule 41(a)(1)(A)(i)).  Travelers argues, however, that Rule 41(a)(1)(A)(i) is inapplicable as the Court has already ruled on the merits of this case.  *Id*.  In the alternative, if the Court dismisses the case without prejudice, Travelers requests reimbursement for attorneys' fees and costs expended in defending this lawsuit.  *Id.* at 7-9; *see also*, Dkt. 91, ¶¶ 7-13.  Counsel for Travelers attached an affidavit that stated Travelers "had incurred $95,278.97 in attorneys' fees" defending this action.  Dkt. 1, Ex. 1, ¶ 8.

In Northern's response to Travelers' Motion for Fees, Northern concedes that its previous arguments on Northern's Motion to Dimiss as to the Direct Action rule were incorrect.  Dkt. 92 at 3 ("Although Northern initially disagreed with Travelers' arguments, as evidence by its Motion to Reconsider, further reflection revealed that Travelers' arguments had some merit.").  It did not address the other arguments for dismissal.

3

Northern states that it seeks to correct its error by withdrawing "its direct action against Travelers and to set the stage for a direct action against Travelers' insured, [George Koch Sons], and an action for Declaratory Judgment against Travelers, wholly consistent with Travelers' arguments." *Id.* at 3-4. Northern also claims that its Motion to Dismiss should be treated as a notice of dismissal under Rule 41(a)(1)(A)(i), since Travelers has not filed an answer or a motion for summary judgment. *Id.* at 4-6. Northern further argues that the $95,000.00 sought for reimbursement is excessive. *Id.* at 7-8.

On February 16, 2017, Northern filed a Notice of Dismissal, pursuant to Rule 41(a)(1)(A)(i).

## II. ANALYSIS

Travelers requests that the Court dismiss the instant case with prejudice or, in the alternative, issue costs and fees pursuant to Rule 41. Travelers first argues that Northern violated this Court's Order when it attached, rather than filed, the Third Amended Complaint. Because the Third Amended Complaint was not "filed," the Court should dismiss this action with prejudice as stated in the Order and based on the "[p]rincipals of fairness and equity[.]" Dkt. 90 at 4.

The Court may dismiss a case with prejudice "if the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure]." Rule 41(b). "The court should exercise this right sparingly and should dismiss a case under Rule 41 only 'when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.'" *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (citing *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)).

Travelers does not argue that Northern's failure to file has caused an undue delay or risen to the level of obstinacy to warrant dismissal with prejudice. Moreover, the purpose of a complaint is to provide fair notice of a plaintiff's claim and its basis. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). Although Northern attached its Third Amended Complaint to its Motion to Reconsider, rather than filing it, it nonetheless put Travelers on sufficient notice of its claims. The Court cannot find that Northern's alternative filing justifies the drastic sanction of dismissal with prejudice.

Travelers other arguments are equally unavailing. First, it states that the Court should not allow voluntary dismissal with prejudice in this case because the merits have already been decided. In this case, however, the only substantive decision reached by this Court resolved a Motion to Dismiss, the purpose of which "is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). It appears then that the merits of this action have not been decided, making Travelers' position inapposite.

Second, Travelers states that Northern's Motion to Dismiss without prejudice is merely an attempt to avoid imminent defeat, which the Court should not allow pursuant to Rule 41(a)(2). Rule 41(a)(2) allows for a plaintiff to dismiss "only by court order, on terms that the court considers proper." Northern's Motion to Dismiss, however, falls under Rule 41(a)(1), which allows a plaintiff to voluntarily dismiss an action prior to the filing of an answer or motion for summary judgment. Travelers has filed neither. Accordingly, Northern need not seek dismissal at the request of the Court.

Finally, Travelers requests that the Court award it attorneys' fees and costs for defending this action. Certainly, Travelers has expended additional costs in defending this action that may not have otherwise been necessary, particularly the Motion to Reconsider that Northern has now essentially conceded is frivolous. *See* Dkt. 92 at 3. But, once again, Travelers assumes that Northern's Motion to Dismiss is brought under Rule 41(a)(2), despite the fact that it has not filed an answer or motion for summary judgment. It is well-established that "Rule 41(a)(1)(i) prevents an award of 'costs' against the party who dismisses the suit voluntarily. Only the filing of a second suit on the same claim allows the court to award the costs of the first case." *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987). Thus, since this is Northern's first suit on this claim and Travelers filed neither an answer nor a motion for summary judgment, the Court cannot grant Travelers fees pursuant to Rule 41.

### III. CONCLUSION

For the reasons stated herein, the Court hereby **GRANTS** Plaintiff Northern Insurance Company's Motion to Dismiss pursuant to Rule 41(a)(1)(A)(i). Dkt. 89. Accordingly, Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. All other pending motions are **DENIED AS MOOT**. This order closes this action because the dismissal was sought by the Plaintiff.

IT IS SO ORDERED this 27th day of February, 2017.

Distribution attached.

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Timothy Michael Swan
GARAN LUCOW MILLER PC
tswan@garanlucow.com

Christopher N. Wahl
HILL FULWIDER, P.C.
chris@hfmfm.com

David J. Saferight
HILL FULWIDER, P.C.
david@hillfulwider.com

Gerald E. Ziebell
KARBAL COHEN ECONOMOU SILK & DUNNE LLC
gziebell@karballaw.com

Wayne S. Karbal
KARBAL COHEN ECONOMOU SILK & DUNNE LLC
wkarbal@karballaw.com

Tammy Jo Meyer
METZGER ROSTA LLP
tammy@metzgerrosta.com

Adam C. Decker
PLUNKETT & COONEY PC
adecker@plunkettcooney.com

Lauren Beth McMillen
PLUNKETT COONEY
lmcmillen@plunkettcooney.com

Richard A. Rocap
ROCAP LAW FIRM LLC
rar@rocap-law.com

Pamela A. Bresnahan
VORYS, SATER, SEYMOUR AND PEASE LLP
pabresnahan@vorys.com